**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | | |
|---|---|---|
| **KIONA D. FITZPATRICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:20-cv-00055** |
| | ) | |
| **MARSHALL COUNTY JAIL, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE NEWBERN** |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

On September 15, 2020, the Court granted pro se inmate Kiona Fitzpatrick leave to proceed in this matter without prepaying the civil filing fee, screened her complaint under the Prison Litigation Reform Act, and determined that her due process claim against Defendant Patterson would be allowed to proceed while all other claims and Defendants would be dismissed from the action. (Doc. Nos. 10 & 11.) Although service of process has not yet been accomplished, Plaintiff has now filed a notice of "Appeal and Summary Judgement" (Doc. No. 12) in response to the Court's screening order and a letter request for extension of time to allow the late filing of the appeal (Doc. No. 13).

However, even if the notice of appeal had been timely filed under Federal Rule of Appellate Procedure 4(a), Plaintiff has no immediate right to appeal the Court's dismissal of some, but not all, of her claims. Absent certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or Rule 54(b) of the Federal Rules of Civil Procedure, an order disposing of fewer than all parties or claims in an action is non-appealable. *William B. Tanner Co. v. United States*, 575 F.2d 101 (6th Cir. 1978). The movant must meet three elements for certification under Section 1292(b): (1) a controlling legal question is involved; (2) there is a substantial ground for difference of opinion

regarding the question; and, (3) an immediate appeal would materially advance the litigation's ultimate termination. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *In re Baker & Getty Fin. Serv., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992). Section 1292(b) certification should be "granted sparingly and only in exceptional circumstances." *In re City of Memphis*, 293 F.3d at 350; *see also In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013); *United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir.1995) (holding that "[d]oubts regarding appealability ... [should be] resolved in favor of finding that the interlocutory order is not appealable" (quotation omitted)). Plaintiff has not attempted to demonstrate that any of the foregoing elements for certification are present here or that exceptional circumstances otherwise exist. Nor is the partial dismissal of certain claims and defendants an immediately appealable "collateral order" under the doctrine announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47 (1949).

Similarly, Rule 54(b) provides that, in actions involving multiple claims or multiple parties, the court may enter a final judgment as to fewer than all claims or parties, but "only if the court expressly determines that there is no just reason for delay"; "[o]therwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

To the extent that Plaintiff's notice of "Appeal and Summary Judgement" can be construed as a motion to direct entry of final judgment on the dismissed claims pursuant to Rule 54(b), or to certify the case for interlocutory appeal pursuant to Section 1292(b), that motion is **DENIED** for lack of exceptional circumstances or good reasons supporting such relief. In short, Plaintiff is plainly not entitled to appeal this Court's dismissal of some, but not all, of her claims upon initial

2

review. "A notice of appeal from a plainly non-appealable order may properly be ignored by the district court," which, though it lacks jurisdiction to dismiss the improper appeal, may "proceed to adjudicate the merits of the underlying action as if the improper appeal had not been filed." *Browder v. Ankrom*, No. CIV.A. 4:05CV-P9-M, 2008 WL 3850380, at *1 (W.D. Ky. Aug. 14, 2008) (quoting *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir.1981)).

Accordingly, Plaintiff's request for extension of time to file her appeal (Doc. No. 13) is **DENIED** as moot.[1] This matter will proceed pursuant to the Court's September 15, 2020 Order referring the case to the Magistrate Judge. (Doc. No. 11.)

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1]     Alternatively, the motion for extension of time is subject to denial for Plaintiff's failure to show excusable neglect or good cause justifying the extension, as required by Federal Rule of Appellate Procedure 4(a)(5). Plaintiff's only attempt to show cause is her assertion that she was reincarcerated at the Lawrence County Jail on August 9, 2020, five weeks prior to the entry of the Court's screening order, and could not update her mailing address with the Clerk's Office in time to receive that order due to her inability to "order any indigent packaging until 20 or 30 days of incarceration," followed by her inability to make any filing for the first seven days after she was transferred to the Giles County Jail, where she is currently incarcerated. (Doc. No. 13 at 1.) She asserts that she did not know of the partial dismissal of her claims until October 19, when she happened upon the screening order "in Fastcase law library after receiving other documentation on filing pro se in another case." (*Id.* at 1–2.) Yet, Plaintiff had the wherewithal to file her other case in this Court on September 14, the day prior to the entry of the screening order in the instant case. *See Fitzpatrick v. Lawrence Cty. Jail, et al.*, No. 1:20-cv-00054, Doc. No. 1 (M.D. Tenn. Sept. 14, 2020). It thus appears that she simply neglected to file a notice of change of address on the record in this case. Under these circumstances, the Court cannot find good cause or excusable neglect justifying extension of Plaintiff's time to appeal.