UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KIONA D. FITZPATRICK,

    Plaintiff,

v.

MARSHALL COUNTY JAIL et al.,

    Defendants.

Case No. 1:20-cv-00055

Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

To:    The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

The docket in this action shows that Plaintiff Kiona D. Fitzpatrick, who appears pro se and *in forma pauperis*, has not returned a service packet for Defendant Jail Administrator Sabrina Patterson, the only remaining defendant in this action. On May 21, 2021, the Court ordered Fitzpatrick to show cause by June 19, 2021, why the Magistrate Judge should not recommend that this action be dismissed for failure of service under Federal Rule of Civil Procedure 4(m) and warned Fitzpatrick that failure to respond could result in a recommendation of dismissal. (Doc. No. 25.) Fitzpatrick has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

**I.    Factual and Procedural Background**

Fitzpatrick initiated this action on March 9, 2020, by filing a complaint under 42 U.S.C. § 1983, alleging that, while she was detained at the Marshall County Jail in Lewisburg, Tennessee, Patterson and other jail officials violated her rights under the Eighth and Fourteenth Amendments by using excessive force against her, subjecting her to inhumane conditions of confinement, and

failing to apply sentence credits to shorten her detention. (Doc. No. 1.) On September 15, 2020, the Court granted Fitzpatrick's application to proceed *in forma pauperis* and screened her complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 10, 11.) The Court found that Fitzpatrick had stated a colorable claim against Patterson for acting with deliberate indifference to Fitzpatrick's entitlement to release upon the expiration of her sentence. (Doc. Nos. 10, 11.) All other defendants and claims were dismissed. (Doc. Nos. 10, 11.) The Court sent Fitzpatrick a blank service packet for Patterson and ordered her to complete and return the service packet within 21 days of receiving the Court's screening order. (Doc. No. 11.) Fitzpatrick did not return the service packet.

On May 21, 2021, the Court found that Fitzpatrick had not returned a completed service packet for Patterson and ordered her to show cause by June 19, 2021, why the Magistrate Judge should not recommend that the remaining claims in this action be dismissed under Rule 4(m) for Fitzpatrick's failure to effect service on Patterson. (Doc. No. 25.) The Court ordered Fitzpatrick to return a completed service packet for Fitzpatrick with her response to the show-cause order and warned her that failure to comply with the show-cause order would likely result in a recommendation that her claims be dismissed. (*Id.*) Fitzpatrick has not responded to the Court's show-cause order.

**II.      Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named

defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.     Analysis**

More than one year has passed since the Court first ordered Fitzpatrick to return a completed service packet for Patterson, and Patterson has not been served and has not appeared in this action. The Court afforded Fitzpatrick ample opportunity to return a service packet for Patterson and issued a show-cause order providing her with an opportunity to explain why the Court should extend the time for service rather than dismiss her claims. (Doc. No. 25.)

The fact that Fitzpatrick appears pro se does not excuse her failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Fitzpatrick has not returned a completed service packet for Patterson in compliance with this Court's orders despite plenty of time to do so, notice that failure to do so may result in dismissal, and an opportunity to show good cause to excuse this failure, dismissal without prejudice under Rule 4(m) is appropriate.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 27th day of October, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge